# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 2 C 782 | DATE | 3/30/2004 |
| CASE TITLE | The Heil Company vs. Curotto Can Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Defendant's motion to transfer venue [22-1] is granted, and this matter is transferred to the United States District Court for the Northern District of California.**

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE HEIL COMPANY, )
)
Plaintiff, )
) Case No. 02 C 782
v. )
) Wayne R. Andersen
CUROTTO CAN COMPANY, ) District Judge
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant Curotto Can Company's motion to transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). For the following reasons, the motion to transfer venue is granted.

## BACKGROUND

Plaintiff The Heil Company filed a patent infringement action against defendant Curotto Can Company on February 1, 2002. On May 14, 2003, after prolonged discussions between the parties and settlement negotiations, defendant filed a motion for change of venue pursuant to 28 U.S.C. § 1404(a), which is presently before the Court. In the intervening period, defendant has filed counterclaims alleging invalidity and unenforceability of the two patents that The Heil Company claims have been infringed.

## DISCUSSION

A. Standard of Review

In considering a motion to transfer venue, the court accepts all well-pleaded allegations in the complaint as true unless controverted by affidavit. *Plotkin v. IP Axess, Inc.*, 168 F. Supp. 2d 899, 900 (N.D. Ill. 2001). Any conflict in an affidavit is resolved in favor of the plaintiff.

*Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). The decision whether to transfer is in the sound discretion of the trial judge. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986).

**B.   Transfer of Venue**

Curotto Can has moved to transfer this case to the Northern District of California. Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party has the burden to establish that the transfer forum is "clearly more convenient" than the transferor court. *Coffey*, 796 F.2d at 219-220.

Transfer is appropriate pursuant to section 1404(a) when the moving party demonstrates that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) a transfer will serve the convenience of the parties, the witnesses and the interests of justice. *Anchor Wall Systems, Inc. v. R&D Concrete Products, Inc.*, 55 F. Supp. 2d 871, 873 (N.D. Ill 1999). There is no dispute that venue and jurisdiction are proper in this Court as well as in the Northern District of California. Thus, resolution of this issue centers principally around the third factor.

The convenience and fairness inquiry for a transfer pursuant to section 1404(a) is determined on a case by case basis by looking at the private interests of the parties and witnesses and the public interest of the court. *Coffey*, 796 F.2d 219. Private interests generally include: (1) plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof in each forum; and (4) convenience to the parties. *Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 873.

2

1. **Plaintiff's Choice of Forum**

Although The Heil Company filed suit in this district, its choice of forum has diminished significance because it is not a resident of Illinois. Thus, this factor is simply another factor in the mix and is not given any additional weight. *H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997). The weight given to a plaintiff's choice of forum is further lessened if the chosen forum lacks any significant connection to the lawsuit. *Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 874.

In this case, The Heil Company is not located in Illinois and does not appear to have any connection with this forum. Curotto Can also is not located in Illinois and has limited connection with this forum based on minimal sales that have taken place in Illinois and the headquarters of the company that manufactures the alleged infringing product is in Illinois. However, the actual manufacturing activities take place in Canada. Thus, little weight will be accorded The Heil Company's choice of forum in this case.

2. **Situs of Material Events**

In patent cases, courts often focus on "the alleged infringing activities of the defendant and the employees and documents that evidence these activities," and the situs of the material events generally is where the alleged infringing activities occurred. *Sitrick v. Dreamworks LLC*, 2003 WL 21147898, at *3 (N.D. Ill. May 14, 2003). In this case, the Northern District of Illinois has a de minimus connection with the operative facts giving rise to the alleged infringement while the Northern District of California has a much greater connection because Curotto Can is headquartered in Northern California and its sales activities are based in California. Thus, consideration of the situs of material events favors the transfer of this matter to California.

### 3. Convenience of the Witnesses and Parties

The convenience of the witnesses often is viewed as the most important factor to consider in evaluating whether a transfer would be appropriate. *Ambrose v. Steelcase, Inc.*, 2002 WL 1447871, at * 3 (N.D. Ill. July 3, 2002). In this case, neither party has identified any individual witnesses in Illinois. The majority of the witnesses are located either in Tennessee or California. Thus, consideration of the convenience of the witnesses for The Heil Company does not tilt the scales in one direction or another as these witnesses will have to travel no matter where the trial will occur. However, consideration of the convenience of the witnesses for Curotto Can does tilt the scale in favor of transfer as defendant's witnesses are located in California.

With regard to convenience of the parties, neither party is located in Illinois while one party is located in California. Also, it is not a significant burden for The Heil Company to travel from Tennessee to California rather than to Illinois as in either instance it cannot avoid travel. Also, the fact that counsel for The Heil Company is located in Chicago does not tilt the scales in favor of The Heil Company in the transfer analysis. *See Hemstreet v. Scan-Optics, Inc.*, 1990 WL 36703, at * 4 (N.D. Ill. Mar. 9, 1990) (stating that "[t]he convenience and location of counsel have never been accorded weight in a transfer analysis").

### 4. Public Interests of Justice

The final consideration is whether a change of venue would serve the overall interests of justice. Public interests include a court's familiarity with applicable law and the desirability of resolving controversies in its locale. *Anchor Wall Systems, Inc.*, 55 F. Supp. 2d at 874. Both forums are equally familiar with federal patent law. However, Illinois does not have a strong interest in adjudicating a case between two companies neither of which is located in this State,

4

and California has a greater interest in resolving a patent infringement action involving a company headquartered in California.

In addition, although this Court oversaw discovery in this matter, we have not resolved any substantive legal issues in this case. All substantive matters have been stayed pending settlement negotiations, and contrary to The Heil Company's claim, no trial date has been set. Thus, because this lawsuit does not have any significant connection to this forum, the interests of justice are better served by transferring this matter to the Northern District of California.

Having examined each of the factors enumerated above, we conclude that the continued litigation of this case in the Northern District of California is clearly more convenient and in the interests of justice.

## CONCLUSION

For the foregoing reasons, defendant's motion to transfer venue is granted, and this mater is transferred to the United States District Court for the Northern District of California.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: March 30, 2004